### UNITED STATES v. EAST.
Cr. No. 1554.

District Court, N. D. Indiana, South Bend Division.

June 3, 1946.

James E. Keating, Asst. U. S. Atty., of South Bend, Ind., for United States.

No attorney for defendant.

SWYGERT, District Judge.

This defendant is charged with violating the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, in that he knowingly transported a stolen automobile from Philadelphia, Pennsylvania, to Columbus, Ohio. He was apprehended in the Northern District of Indiana. Thereafter he indicated to that district's United States Attorney that he wanted to plead guilty and asked to have his case disposed of under Rule 20 of the Rules of Criminal Procedure.

An information was filed in the district court in Philadelphia and transmitted to this court. Before arraignment, the defendant in open court waived his right to be prosecuted by indictment. He then pleaded guilty to the information.

The question is, may an information be filed in Philadelphia before the defendant waives his right, in this court, to be prosecuted by indictment. This requires a construction of Rule 7 of the Rules of Criminal Procedure in a prosecution conducted under Rule 20. Rule 7(a) provides in part: "An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information." Rule 7(b) reads: "An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and his rights, waives in open court prosecution by indictment."

The last sentence of Rule 7(a) reads: "An information may be filed without leave of court," this, taken together with Rule 20, indicates it was intended that an information may be filed before the defendant waives in open court his right to be prosecuted by indictment. Of course, he cannot be required to plead or be tried until he has made such waiver. Any other construction will wholly defeat the purpose of Rule 20 when prosecutions are presented by information; for instance in this case, unless East may waive in this court his right to be prosecuted by indictment after the information has been filed in the district court for the Eastern District of Pennsylvania, it will be necessary for him to be taken to Philadelphia for that purpose. If that is required, there will be no reason to proceed further under Rule 20 and have him returned to this district for sentence.

I am of the opinion that the information may be filed where the prosecution is started and that waiver of indictment may proceed after that in the district where disposition is to be made.