**Arthur Atherton MOORE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 28886**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 30, 1970.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

Arthur Atherton Moore, pro se.

John L. Briggs, U. S. Atty., Allan P. Clark, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

 Appellant, a federal convict, appeals from an order of the district court denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.[1]

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties

Appellant, represented by court-appointed counsel, was convicted on his pleas of guilty to three separate informations each charging a different violation of 18 U.S.C. § 912, falsely impersonating a federal employee. He was sentenced to consecutive terms of two years imprisonment on each charge.

 In his motion to vacate sentence appellant claimed to be innocent of the crimes charged and contended that his guilty pleas were entered as a result of his misunderstanding the charges against him. The district court denied relief stating that appellant's allegations were insufficient for the granting of relief.

A review of the record, which includes transcripts of appellant's arraignments and sentencing, reveals that the informations were read and explained to appellant, that he stated he understood the charges against him, that he admitted doing the acts charged, and admitted the truth of the report the government agent read into evidence, which stated all of the essential elements of the crime charged. Appellant's allegations that he did not understand the charges are clearly refuted by the record.

 A plea of guilty knowingly and understandingly made is an admission of all facts alleged in the indictment or information and a waiver of all non-jurisdictional defenses. Henderson v. United States, 5th Cir. 1968, 395 F.2d 209; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82. Appellant may not now raise the defense of his innocence. Frye v. United States, 5th Cir. 1969, 411 F.2d 562; Hornbrook v. United States, 5th Cir. 1954, 216 F.2d 112. The judgment below is affirmed.

Affirmed.

in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.