**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph George HELMICH,**
**Defendant-Appellant.**

No. 82–5067.

United States Court of Appeals,
Eleventh Circuit.

May 2, 1983.

Peter L. Dearing, court-appointed, Jacksonville, Fla., for defendant-appellant.

Richard Scruggs, Curtis Fallgatter, Asst. U.S. Attys., Jacksonville, Fla., for plaintiff-appellee.

* Honorable Floyd R. Gibson, U.S. Circuit Judge

Before RONEY and CLARK, Circuit Judges, and GIBSON *, Senior Circuit Judge.

RONEY, Circuit Judge:

Serving a life sentence, Joseph George Helmich appeals his conviction for conspiracy to commit espionage. 18 U.S.C.A. § 794(c). Helmich pled guilty to the conspiracy charge, and the government dismissed three substantive counts. The defendant argues on appeal two issues not foreclosed by the guilty plea: *first,* the statute of limitations was a jurisdictional bar to the indictment and *second,* Wharton's Rule prevented his prosecution for conspiracy because it was duplicitous of the substantive charge of espionage. We affirm.

With respect to the statute of limitations issue, Helmich contends that the 1981 indictment was time-barred because it did not charge him with transmitting information after 1964. The agreement alleged in the indictment, however, was not limited in purpose to transmitting secrets to a foreign government. Paragraph Four of the conspiracy count charged Helmich "as part of said conspiracy" with agreeing to receive financial remuneration from the Soviet Union. Paragraph Ten accused Helmich of acting in furtherance of the conspiracy in 1980 by traveling to Canada during that year to collect outstanding compensation. Helmich pled guilty to the conspiracy count, including paragraphs Four and Ten. He cannot now ignore the plain wording of the indictment by claiming that the agreement was merely to transmit secrets and that no steps were taken in furtherance of the conspiracy after 1964. A defendant who pleads guilty can challenge the prosecution as time-barred only insofar as the indictment on its face shows that the limitations period had expired. *See United States v. Sepe,* 474 F.2d 784, 788, *quoting* 1 C. Wright, *Federal Practice and Procedure* § 175b (1st ed. 1969), *aff'd on rehearing en banc,* 486 F.2d 1044 (5th Cir.1973); *cf. Moore v. United States,* 425 F.2d 1290, 1291

for the Eighth Circuit, sitting by designation.

(5th Cir.) (voluntary and knowing guilty plea admits all facts alleged in the indictment), *cert. denied,* 400 U.S. 846, 91 S.Ct. 91, 27 L.Ed.2d 83 (1970).

Helmich contends that only the transmittal of defense information is a substantive crime under the espionage statute, and that getting paid for it is not illegal. Therefore, the attempt to collect compensation could not be the subject of an unlawful conspiracy. The prosecution, however, may rely on an action lawful by itself to establish a requisite overt act in furtherance of a conspiracy. *See United States v. Winter,* 509 F.2d 975, 982 (5th Cir.), *cert. denied,* 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). Thus, an agreement to receive financial remuneration may be part of a conspiracy to violate the espionage statute. If steps are taken to collect money owed after the secrets have already been transmitted, then the limitations period on the conspiracy does not commence upon transmittal because the payoff is an overt act. *See United States v. Mennuti,* 679 F.2d 1032, 1035–36 (2d Cir.1982). The Second Circuit concluded that a conspiracy to commit a crime for money continues even after the substantive offense is completed, reasoning that it does not end until the conspirators receive their anticipated economic benefits. The court held that a five-year statute of limitations did not bar a February 1981 indictment for conspiracy to commit mail fraud even though the substantive offense occurred in December 1975, since the conspirators did not receive their payoff until July 1976. Similiarly, in *United States v. Walker,* 653 F.2d 1343, 1348–50 (9th Cir.1981), *cert. denied,* 455 U.S. 908, 102 S.Ct. 1253, 71 L.Ed.2d 446 (1982), the Ninth Circuit held that a conspiracy to defraud the United States by bid-rigging a government timber sale lasted until the conspiring bidders divided the profits even though the timber contract had been awarded outside the limitations period. *See also Koury v. United States,* 217 F.2d 387, 388 (6th Cir.1954) ("A conspiracy is not ended by the illegal transportation of a stolen car when the fruits of the transportation are yet to be obtained and divided by the conspirators."). In sum, the legal as well as the illegal aspects of an agreement are all part of a conspiracy to commit an illegal act for statute of limitations purposes.

Helmich's reliance on cases such as *Grunewald v. United States,* 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), and *United States v. Davis,* 533 F.2d 921 (5th Cir.1976), is misplaced. In those conspiracy prosecutions, the Supreme Court and the former Fifth Circuit held that actions taken to conceal a conspiracy after its accomplishment did not postpone the running of the statute of limitations. Both the *Grunewald* and *Davis* Courts stressed the government's failure to establish that concealing the crime was an objective of the conspiracy. *Grunewald,* 353 U.S. at 402–04, 77 S.Ct. at 972–73; *Davis,* 533 F.2d at 927–29. *See United States v. Diez,* 515 F.2d 892, 897–98 (5th Cir.1975) (also distinguishing *Grunewald* on this basis), *cert. denied,* 423 U.S. 1053, 96 S.Ct. 780, 46 L.Ed.2d 641 (1976). Here, by contrast, Helmich admitted through his guilty plea that part of the agreement was for him to get paid. Our emphasis on the breadth of the conspiracy, rather than being inconsistent with *Grunewald* and *Davis,* directly follows from those cases:

> The crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement, for it is that which determines both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy.

*Grunewald,* 353 U.S. at 397, 77 S.Ct. at 970 (footnote omitted), *quoted in substantial part in Davis,* 533 F.2d at 926.

We thus hold that no statute of limitations barred the prosecution because the indictment on its face alleged overt acts in 1980 in furtherance of a conspiracy that still existed during that year. We therefore need not decide whether there is no limitation upon the espionage prosecution because a violation of 18 U.S.C.A. § 794 is punishable by death and 18 U.S.C.A. § 3281 provides that such offenses have no limitation period, as argued by the government and decided by the trial court, or whether *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct.

**550**

2726, 33 L.Ed.2d 346 (1972), which invalidated the death penalty under some circumstances, requires that either a five-year statute (18 U.S.C.A. § 3283) or a ten-year statute (the Subversive Activities Control Act of 1950, Pub.L. No. 81–831, § 19, 64 Stat. 987, 1005 (1950)) must apply, as argued by the defendant.

In regard to Wharton's Rule, Helmich argues that the charges of transmitting information about national defense to a foreign government, 18 U.S.C.A. § 794(a), and conspiracy to transmit such information, 18 U.S.C.A. § 794(c), were duplicitous because Helmich alone acted with the foreign agents. An exception to the general rule that conspiracy and the substantive offense are discrete crimes permitting separate punishment, Wharton's Rule provides that "[a]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 1 R. Anderson, *Wharton's Criminal Law and Procedure* § 89, at 191 (1957). *See Iannelli v. United States,* 420 U.S. 770, 771, 773 n. 5, 95 S.Ct. 1284, 1286, 1287 n. 5, 43 L.Ed.2d 616 (1975).

█ Helmich's argument fails for at least two reasons. First, one of the typical prerequisites for the application of Wharton's Rule is that the conspirators were the same individuals who participated in the substantive offense. If the conspiracy included third parties who did not commit the substantive crime, Wharton's Rule is generally no bar to prosecution of the substantive offenders for both conspiracy and the substantive crime. *Iannelli v. United States,* 420 U.S. at 782 & n. 15, 95 S.Ct. at 1292 & n. 15. Such is the allegation in this case. The conspiracy count of the indictment accused Helmich of conspiring with "persons known and unknown to the Grand Jury." Even if espionage is necessarily a two-party crime, the alleged conspiracy could have entailed individuals other than the immediate sender and receiver of the secret information. While Helmich asserts that the only conspirators were himself and the Soviet agents who received the information, his guilty plea precludes him from challenging the indictment by going beyond its allegations. *United States v. Ruttenberg,* 625 F.2d 173, 175 (7th Cir.1980); *United States v. DiFonzo,* 603 F.2d 1260, 1263 (7th Cir. 1979), *cert. denied,* 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980).

Second, we doubt that Wharton's Rule, as restricted by the Supreme Court in *Iannelli,* could apply to a crime of such public importance as espionage. The *Iannelli* Court observed that Wharton's Rule generally applies to crimes, such as adultery and dueling, whose direct effects are felt far more by the perpetrators than by society. *Iannelli v. United States,* 420 U.S. at 782–83, 95 S.Ct. at 1292. Obviously, espionage does not fall within this class of offenses. All Americans, in terms of lessened national security, are affected when secret defense information is surreptitiously passed on to a foreign power.

AFFIRMED.