UNITED STATES of America

v.

Anthony WESSELS.

Magistrate No. C–91–0041M–2.

United States District Court,
M.D. Pennsylvania.

Oct. 25, 1991.

---

Bruce Brandler, Asst. U.S. Atty., Scranton, Pa., for plaintiff.

George V. Cornell, III, Staten Island, N.Y., for defendant.

**608**

## MEMORANDUM

JOSEPH F. CIMINI, United States Magistrate Judge.

Anthony Wessels was named along with another individual in a Criminal Complaint charging them with conspiracy to commit bank fraud, in violation of Title 18 United States Code, section 371. The matter was filed on October 3, 1991 against Defendant Wessels and a John Doe, also known as "Buddy", who subsequently has been identified as Barry Danna. Both defendants were arrested and each initially appeared before a United States Magistrate Judge for proceedings pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

Although Barry Danna and Anthony Wessels were arrested at different times and both defendants made separate initial appearances, a Preliminary Examination in their case was scheduled for today (Friday, October 25, 1991), at 11:00 a.m. Barry Danna has been indicted on the charge set forth in the Criminal Complaint. The Preliminary Examination, insofar as he is concerned, has been ordered cancelled, *cf.:* Federal Rule of Criminal Procedure 5(c). Anthony Wessels has not been indicted; instead, on October 18, 1991, the United States Attorney filed an Information, containing the same conspiracy charge. The Magistrate Judge understands, from his contacts and conversations with counsel, that plea negotiations are in progress and that a date already has been set for Anthony Wessels' arraignment in the District Court on said Information.

■ The question presently presented is whether Defendant Wessels, unlike his indicted co-defendant (Barry Danna), still retains his right to a Preliminary Examination in accordance with Rule 5.1 of the Federal Rules of Criminal Procedure. This judicial officer is of the opinion that he does. Thus, for the reasons which follow, an Order shall be entered which continues today's hearing generally and does not cancel the Preliminary Examination for Anthony Wessels.

■ In federal criminal practice, the Preliminary Examination is provided for by statute and court rules, *cf.:* Title 18 United States Code, section 3060, and Rules 5 and 5.1, Federal Rules of Criminal Procedure. Its sole function is to determine whether or not there exists probable cause to believe that an offense has been committed and that the defendant has committed it. *United States v. Hinkle,* 307 F.Supp. 117 (D.D.C.1969). The Preliminary Examination exists purely to determine if there is probable cause to detain the accused pending a grand jury hearing. *United States v. Johnson,* 514 F.2d 92 (5th Circuit 1975), *certiorari* denied 423 U.S. 1020, 96 S.Ct. 459, 46 L.Ed.2d 393 (1975), rehearing denied 424 U.S. 935 (1976). Once an Indictment is returned—as one has been returned in the case of Defendant Danna, a Preliminary Examination is not required. *United States v. Farries,* 459 F.2d 1057 (3d Circuit 1972), *certiorari* denied 409 U.S. 888, 93 S.Ct. 143, 34 L.Ed.2d 145 (1972), *certiorari* denied 410 U.S. 912, 93 S.Ct. 975, 35 L.Ed.2d 275 (1973).

■ While the Grand Jury's return of an Indictment during the interim between the date of Barry Danna's first appearance and the date scheduled for the hearing eliminated the need for a Preliminary Examination in his case, *cf.: United States v. Universita,* 192 F.Supp. 154 (S.D.N.Y.1961), the same cannot be said for the United States Attorney's filing of an Information against Anthony Wessels. This is so, even if the wording of Rule 5(c), *supra,* reads "that the preliminary examination shall not be held ... if an information against the defendant is filed in district court before the date set for the preliminary examination." The statute—Section 3060, *supra*—contains a similar provision; but, its wording differs, in pertinent part, and such a difference well may have significance *viz.:*

No preliminary examination ... shall be required to be accorded an arrested person ... if at any time subsequent to the initial appearance ... and prior to the date fixed for the preliminary examination ... an indictment is returned or, in appropriate cases, an information is filed ... in a court of the United States.

Title 18 United States Code, section 3060(e). To understand the procedure involved, it is necessary to appreciate what is meant by the phrase, "in appropriate cases." This is because the use of an Information as the charging document is not "appropriate" in every federal criminal case.

The Indictment and the Information are the subjects of Rule 7 of the Federal Rules of Criminal Procedure. An offense which may be punished by imprisonment for a term exceeding one (1) year "shall be prosecuted by indictment"; although "if indictment is waived, it may be prosecuted by information." Rule 7(a), *supra*. Waiver, as provided for in Rule 7(b), *supra*, is to be in open court. In the instant case, an Information has been filed against Anthony Wessels and it contains a criminal charge punishable by imprisonment for a term exceeding one (1) year.

 Defendant Wessels has yet to waive his right to be "prosecuted by indictment." The offense charged against him is a crime for which an Indictment of the Grand Jury is required. *Cf.: United States v. Coachman*, 752 F.2d 685 (D.C.Circuit 1985). Unless there is a valid waiver, the lack of an Indictment in a federal felony case is a defect going to the jurisdiction of the court. *United States v. Montgomery*, 628 F.2d 414 (5th Circuit 1980). Without the waiver required by Rule 7(b) of the Federal Rules of Criminal Procedure, an Information charging a felony offense is virtually meaningless. It can be filed, just as the Information against Anthony Wessels was filed in the case at bar. Yet, even though an Information may be *filed* before the defendant waives "in open court" his right to be prosecuted by Indictment, he or she cannot be required to plead or be tried until such waiver has been made. *Cf.: United States v. East*, 5 F.R.D. 389 (N.D.Indiana 1946).

Because he has not waived prosecution by Indictment, Defendant Wessels remains entitled to a Preliminary Examination. When the United States Attorney files an Information, it becomes the prosecutor's assessment of probable cause which substitutes for that of the Grand Jury. Such an assessment, however, is not sufficient alone to justify a restraint of liberty pending trial, and the Fourth Amendment requires a timely judicial determination of probable cause. This is a prerequisite to detention, or to the continued restraint of liberty imposed by an Order specifying conditions of release, in all cases except those in which there has been an Indictment returned by a Grand Jury. Wright, *Federal Practice and Procedure: Criminal 2d*, section 85, at pages 175–76 n. 22 citing *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

It is the opinion of this judicial officer, that filing an Information in the interim between an accused felon's initial appearance and the date set for a Preliminary Examination will not, by itself, eliminate his or her right to such hearing. It is only after he or she waives indictment, in the form prescribed by Rule 7(b) of the Federal Rules of Criminal Procedure, that such right is extinguished.