**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cathy COOPER, Defendant–Appellant.**

**No. 91–6188.**

United States Court of Appeals,
Tenth Circuit.

Feb. 11, 1992.

Mack K. Martin, Oklahoma City, Okl., for defendant-appellant.

M. Jay Farber, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before LOGAN, SEYMOUR and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Cathy Cooper appeals from the denial of motions to dismiss for lack of jurisdiction and to withdraw her plea of guilty. Ms. Cooper contends the information charging her with violation of 21 U.S.C. § 843(b) was filed after the expiration of the statute of limitations, 18 U.S.C. § 3282; therefore, despite her guilty plea, the district court was without jurisdiction to prosecute her. The court held Ms. Cooper's guilty plea waived her statute of limitations defense and denied her motions. We conclude, without an express waiver by the defendant, the statute of limitations is a bar to prosecution and Ms. Cooper did not waive its applicability. We reverse.

Ms. Cooper and the government entered into a plea agreement under which Ms. Cooper consented to plead guilty to a one count information charging her with violation of 21 U.S.C. § 843(b). The parties agree that the plea agreement had been reached prior to the expiration of the statute of limitations.[1] They also agree that both were misled into believing the information had been filed timely and that it was not actually filed until after Ms. Cooper's plea. Additionally, there is no dispute that the plea was entered subsequent to the expiration of the statute of limita-

---

1. This understanding is demonstrated by the prosecutor's letter transmitting the plea agreement to defense counsel. In it, the prosecutor underscored the need for expedience, stating the plea agreement had to be executed before February 11, 1991, or he would file a criminal complaint "to prevent the statute of limitations from running."

tions.[2] The government further does not dispute that Ms. Cooper's motion to dismiss for lack of jurisdiction was filed as soon as defense counsel learned of the actual filing date of the information.

In denying the defendant's motions, the district court reasoned that the statute of limitations is an affirmative defense which can be waived and Ms. Cooper's guilty plea was a valid waiver. To reach that conclusion, the court relied upon cases from other circuits as well as *United States v. Gallup*, 812 F.2d 1271 (10th Cir.1987). Unfortunately, that reliance was misplaced.

In all the cases which led the district court to its conclusion, the issue of waiver was judged in the context of whether a defendant had preserved the issue for appellate review. In those cases, the appellate court declined to review the issue either because the statute of limitations was raised for the first time on appeal, *Gallup*, 812 F.2d at 1280; *United States v. Karlin*, 785 F.2d 90, 92–93 (3d Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *United States v. Minor*, 756 F.2d 731, 737 (9th Cir.), *vacated on other grounds*, 474 U.S. 991, 106 S.Ct. 401, 88 L.Ed.2d 353 (1985); *United States v. Walsh*, 700 F.2d 846, 855 (2d Cir.), *cert. denied*, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *see also United States v. Arky*, 938 F.2d 579, 582 (5th Cir.1991), or because the defendant expressly waived the applicability of the statute in the district court, *United States v. Meeker*, 701 F.2d 685, 687 (7th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Williams*, 684 F.2d 296, 299 (4th Cir.1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983); *United States v. Wild*, 551 F.2d 418, 424–25 (D.C.Cir.), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977); *see also United States v. Akmakji-*

an, 647 F.2d 12, 14 (9th Cir.), *cert. denied*, 454 U.S. 964, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981). None of the cases relied upon by the district court or cited to us by the government present the question of waiver in the context of this case.[3] Here Ms. Cooper raised the statute of limitations for the first time in the district court as soon as its applicability was evident to anyone. Moreover, she did not expressly waive its applicability.

The preceding authority is not persuasive for a more important reason, however. Despite the holdings in other circuits, the law of this circuit is that the statute of limitations is a bar to prosecution. *Waters v. United States*, 328 F.2d 739, 743 (10th Cir. 1964). Although *Waters* has been questioned by other courts, *see Arky*, 938 F.2d at 582, it has never been overruled by our en banc court. Some, including the district court in this instance, have suggested the *Waters* holding was abandoned by the court in *Gallup*, but we see no basis for that conclusion.

First, one panel of this court cannot overrule the holding of another panel. Second, and more importantly, *Gallup* does not deal with the issue of whether the statute of limitations is a bar to *prosecution* of a *substantive* offense. Indeed, the only statute of limitations issue considered by *Gallup* was whether, in a conspiracy case, the government had to prove an overt act charged in the indictment was committed before the limitation expired. The court held the defendant had waived the issue by failing to raise it in the district court. That ruling did not touch upon the *Waters* holding that the substantive offense could not be prosecuted if it was not filed before expiration of the limitation period.

We must, therefore, conclude the law of this circuit is that if the statute of limitations

---

**2.** The delay was not the fault of the prosecutor. The record indicates that the government presented the information to the court before the statute expired, but it was retained by the court's staff and not actually lodged or docketed until after Ms. Cooper's arraignment.

**3.** The government also cites *United States v. Del Percio*, 870 F.2d 1090 (6th Cir.1989), and *United*

*States v. Caldwell*, 859 F.2d 805 (9th Cir.1988), *cert. denied*, 489 U.S. 1039, 109 S.Ct. 1173, 103 L.Ed.2d 235 (1989). In both cases, the government appealed orders dismissing the cases on limitations grounds despite express waivers of the statute executed by the defendants. Those cases are irrelevant to the issue before us.

is to have any meaning in the administration of criminal justice, [it] must be held ... to operate as a jurisdictional limitation upon the power to prosecute and punish. The language of the statute clearly provides that no person shall be prosecuted, tried or punished for the offense charged here, unless the information is instituted within [five] years after the commission of the offense. It is plainly a limitation upon the power to prosecute or to punish. It is, therefore, jurisdictional, and noticeable at this [appellate] stage of the proceedings.

328 F.2d at 743 (citations omitted); *see also Benes v. United States*, 276 F.2d 99, 109 (6th Cir.1960). As we noted in *Waters*, the statute expressly forbids prosecution unless the charging documents are filed within the period of the limitations. While we used the word "jurisdictional" in our assessment of the scope of the statute, we focused upon its plain language and concluded that it operates as a bar to prosecution. The court did not equate the statute with the concept of subject matter jurisdiction, and we do not believe such a parallel exists. Moreover, while we agree with those courts which hold a defendant can waive the statute of limitations, we do not look upon such a waiver as a waiver of jurisdiction.

Although a defendant cannot, by waiver or otherwise, confer subject matter jurisdiction upon the district court when it has none, a defendant can waive the bar to prosecution. As noted in those cases cited above in which defendants have expressly waived the statute, it is most often done when the defendant perceives waiver will work to his or her advantage.

Thus, by waiving the statute, the defendant neither confers jurisdiction upon the court nor power upon the government to prosecute. In effect, the defendant's waiver of the statute of limitations, in proper circumstances, is a binding agreement not to object to the filing of charges beyond the period of limitations. However, absent that agreement, as we noted in *Waters*, the clear language of the statute of limitations prohibits the government from prosecuting beyond that time. Allowing the government to do so simply on the strength of a defendant's mistaken notion that a valid charge was pending against her would be to change the statute of limitations from a law into a mere suggestion. We conclude the district court erred by holding the defendant had waived the applicability of the statute by her guilty plea.[4]

The question, then, becomes whether the motion to dismiss should have been granted because the prosecution was barred at the time the plea was entered. As part of our consideration of this question, we must first deal with what appears to be a misconception held by the district court.

In its order denying the defendant's motions, the court stated the filing of the information was delayed "[b]ecause the Information could not be filed of record until the Defendant waived prosecution by Indictment in open court." This conclusion was reached in apparent reliance upon Fed. R.Crim.P. 7(b). We disagree with that assessment.

Rule 7(b) does not prohibit the *filing* of an information in the absence of waiver of indictment by the defendant.[5] Instead, the rule proscribes *prosecution* without waiver. Therefore, the information could have been filed within the period of limitations,

---

4. In *United States v. Helmich*, 704 F.2d 547, 548 (11th Cir.), *cert. denied*, 464 U.S. 939, 104 S.Ct. 353, 78 L.Ed.2d 317 (1983), the court stated, "A defendant who pleads guilty can challenge the prosecution as time-barred only insofar as the indictment on its face shows that the limitations period has expired." (citations omitted). In this case, the information charged the commission of the offense on or about the 18th day of February, 1986. The document bears a file stamp date of February 25, 1991. Even with the rubric of "on or about," there is a sufficient

indicia of the implication of the statute of limitations to meet even the *Helmich* test.

5. Fed.R.Crim.P. 7(b) states: "An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after having been advised of the nature of the charge and of the rights of the defendant, waives in open court prosecution by indictment."

thus providing a valid basis for the prosecution. "It is inconsequential whether the information is filed before or after the defendant has waived indictment. The fact that the information was filed first and the waiver was made later does not invalidate the information." 1 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 122, at 344 (1982) (footnote omitted).

Applying *Waters*, we can reach no conclusion but that the filing of the information after the expiration of the statute of limitations is futile. Because the statute bars prosecution, the filing of the instrument which commences prosecution can have no effect. The defendant simply entered a plea to a barred charge.

We therefore conclude, under the unusual circumstances of this case, the charge against the defendant was a nullity. Having reached that conclusion, we need not consider whether the motion to withdraw the plea was properly denied. The district court should have granted the motion to dismiss; therefore, its order denying that relief is REVERSED, and the information is dismissed. The mandate shall issue forthwith.