**Hector ACEVEDO–RAMOS, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

No. 91–2074.

United States Court of Appeals, First Circuit.

Heard March 2, 1992.

Decided April 9, 1992.

William M. Kunstler, New York City, with whom Ronald L. Kuby and Luis F. Abreu Elias, Hato Rey, P.R., were on brief, for petitioner, appellant.

Salixto Medina–Malave, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for respondent, appellee.

Before BREYER, Chief Judge, FEINBERG,* Senior Circuit Judge, and CYR, Circuit Judge.

FEINBERG, Senior Circuit Judge.

Hector Acevedo Ramos appeals from an order of the United States District Court for the District of Puerto Rico, Jaime Pier-as, Jr., J., denying Acevedo's petition for post-conviction relief pursuant to 28 U.S.C. § 2255. Acevedo was convicted in April 1987, after a guilty plea, on two counts of an indictment charging him with a substantive violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and a RICO conspiracy. Acevedo was sentenced to 15 years in prison on each count, to be served consecutively, and was ordered to make restitution of over $889,000 to aggrieved victims and to pay a $20,000 fine on each count. Acevedo argues that his conviction for the substantive RICO count should be vacated and that count dismissed because the indictment was obtained after the statute of limitations had elapsed on the substantive count. For the reasons stated below, we affirm the order of the district court denying Acevedo's § 2255 petition.

## I. Background

Acevedo and other defendants, including Angel Torres Lopez, were indicted in 1986 for violating RICO and for other offenses. All defendants pled guilty except Acevedo and Torres Lopez. Prior to trial, Torres Lopez moved to dismiss the substantive RICO charge as barred by the statute of limitations and, we are told, Acevedo joined in the motion. The district court denied the motion, and Torres Lopez and Acevedo were tried together. After three days of jury trial, Acevedo changed his plea to guilty on the two RICO counts and admitted to committing two of the predicate acts listed in the indictment. During Acevedo's plea allocution, no mention was made of the statute of limitations. The trial of Torres Lopez continued, and he was convicted by the jury of a substantive RICO count and a RICO conspiracy count.

After Acevedo was sentenced, Torres Lopez's conviction for the substantive RICO count was reversed by this court because the predicate acts for which the jury found him guilty did not take place within the limitations period of five years. *United States v. Torres Lopez*, 851 F.2d 520, 522–

---

* Of the Second Circuit, sitting by designation.

25 (1st Cir.1988), cert. denied, 489 U.S. 1021, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989). Based on this ruling, Acevedo brought a motion in the district court, which the district court treated as a petition under 28 U.S.C. § 2255, to vacate his sentence on the substantive RICO count. Acevedo argued that, like Torres Lopez, his conviction for the substantive RICO offense should be reversed because the statute of limitations period had elapsed on the predicate acts that he had admitted and the district court therefore lacked jurisdiction. The government maintained that Acevedo waived the right to assert a statute of limitations defense by entering a plea of guilty and that in any event the substantive count of the indictment, to which Acevedo pled guilty, charged predicate racketeering acts within the five-year statute of limitations period.

The district court held that the statute of limitations is a waivable affirmative defense that does not affect the subject matter jurisdiction of the court. The court then held that a waiver of a statute of limitations defense can be implied from a guilty plea and need not be explicit. Thus, according to the district court, Acevedo had waived the defense by pleading guilty. The district court did not reach the issue of whether any predicate act in the substantive count to which Acevedo pled guilty was within the limitations period.

## II. Discussion

### A. *Is the Statute of Limitations a Jurisdictional Bar?*

The first issue we must decide is whether a criminal statute of limitations is a waivable affirmative defense under any circumstances. Although this court has not yet decided the issue, every circuit that has addressed it has held that the statute of limitations is a waivable affirmative defense rather than a jurisdictional bar. See, e.g., *United States v. Karlin*, 785 F.2d 90, 92 (3d Cir.1986) (listing cases), cert. denied, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *United States v. Wild*, 551 F.2d 418, 421–25 (D.C.Cir.), cert. denied, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226

(1977). In fact, one circuit court that had previously held that the statute of limitations was a jurisdictional bar has now changed its position. See *United States v. Del Percio*, 870 F.2d 1090, 1092–94 (6th Cir.1989) (narrowing *Benes v. United States*, 276 F.2d 99, 108–09 (6th Cir.1960)). Another circuit has recently held that even though the statute of limitations "operates as a bar to prosecution," it can be waived, at least under some circumstances. *United States v. Cooper*, 956 F.2d 960 (10th Cir.1992). The court narrowed the scope of *Waters v. United States*, 328 F.2d 739, 743 (10th Cir.1964), which had previously been interpreted as holding that the statute of limitations affects a court's subject matter jurisdiction.

While the circuit courts have gravitated toward the position that the statute of limitations is a waivable defense, the Supreme Court itself has at least suggested that this is so. In a case involving the return of a state indictment allegedly after the expiration of the statute of limitations, the Court stated: "The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases...." *Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S.Ct. 41, 43, 62 L.Ed. 193 (1917). We also note that in *Wild*, the court explained that if defendants can waive certain constitutional rights, such as the right to be represented by counsel, they should be able to waive a statutory right such as the statute of limitations. *Wild*, 551 F.2d at 424–25. We find the reasoning of the other circuit courts persuasive and hold that the statute of limitations here is a waivable affirmative defense and therefore does not affect a court's jurisdiction.

### B. *Must the Waiver be Express?*

Acevedo argues, as he did in the district court, that even if a statute of limitations defense can be waived, the waiver cannot be inferred from the mere failure to assert the defense, but must be knowing, express and unambiguous. Thus, Acevedo contends, a waiver cannot be inferred from a guilty plea when, as in his case, no mention was made of the statute of limitations in

the plea agreement or in the plea allocution. When courts have allowed a statute of limitations defense to be waived, Acevedo claims, they have only done so because the defendant expressly waived the defense. Acevedo cites language in a number of cases for this proposition. He points to *United States v. Akmakjian,* 647 F.2d 12, 14 (9th Cir.), cert. denied, 454 U.S. 964, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981), in which the court noted that the defendant "expressly stated in open court, apart from his plea of guilty, that he wished to waive the statute of limitations defense."

Acevedo also cites, among other cases, *United States v. Doyle,* 348 F.2d 715, 719 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), in which the court stated that "[e]ven if [statute of limitations] claims are not waived by pleas of guilty *simpliciter,* a defendant advised by counsel can agree so to waive them, and the circumstances compel the conclusion that Doyle did precisely that." We note, however, that the *Doyle* court in no way suggested that an express waiver was required and its reasoning did not hinge on the existence of an express waiver. Indeed, it is quite clear that the observation quoted above was an alternate holding and that the *Doyle* court first held that a guilty plea alone waives the statute of limitations defense. 348 F.2d at 718–19. As Judge Friendly stated for the court: "An unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which the subject-matter jurisdiction of the court is the familiar example. The claims here asserted have nothing of this quality." Id. Thus, the statute of limitations defense, as one of the defendant's claims asserted in *Doyle,* was barred by the guilty plea alone.

This circuit has not addressed the question whether a waiver of the statute of limitations in a criminal case must be knowing and explicit. However, the Tenth Circuit appears to have held that a guilty plea alone does not waive a statute of limitations defense and that only an express waiver is sufficient. *Cooper,* 956 F.2d at 960–61. Some other circuit courts also appear to emphasize the existence of an explicit waiver. See, e.g., *Del Percio,* 870 F.2d at 1093; *United States v. Caldwell,* 859 F.2d 805, 806–07 (9th Cir.1988), cert. denied, 489 U.S. 1039, 109 S.Ct. 1173, 103 L.Ed.2d 235 (1989); *Wild,* 551 F.2d at 424.

 We respectfully disagree with the proposition that only an explicit waiver of a statute of limitations defense will be effective. It is clear that a plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects. See *Valencia v. United States,* 923 F.2d 917, 920 (1st Cir.1991); see also *Doyle,* 348 F.2d at 718. Although it would have been better practice for Acevedo to specifically waive any possible statute of limitations defense at his plea allocution or in a written document, such a waiver was not required. A judge conducting a plea allocution need not ask defendants about the waiver of every conceivable affirmative defense that might be raised at trial. Counsel for Acevedo, with commendable candor, agreed with this proposition at oral argument but urged that when a specific defense has been raised by motion—as the statute of limitations defense allegedly was here—the situation is different. A waiver of a defense previously asserted, counsel argued, should be made explicit. We disagree. In that situation, there is even less reason to believe that appellant was unaware that he was waiving the defense by pleading guilty.

As the Supreme Court has noted, its "decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty. Waiver in that sense is not required." *United States v. Broce,* 488 U.S. 563, 573, 109 S.Ct. 757, 764, 102 L.Ed.2d 927 (1989). In addition, we agree with the Fifth Circuit's observation that "if the limitations defense is not jurisdictional, ... then it is difficult to conceive why it alone, of all the defendant's affirmative defenses, should not be waived if not asserted at trial." *United States v. Arky,* 938 F.2d 579, 582 (5th Cir.1991) (per curiam), cert. denied, —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). Thus, like

other affirmative defenses, the statute of limitations is deemed waived when a defendant pleads guilty even if the defendant did not make a knowing and express waiver of the defense.

In cases involving somewhat different circumstances from those of a guilty plea, other courts have also found that the statute of limitations defense was waived despite the lack of an express and knowing waiver. For example, in *United States v. Williams*, 684 F.2d 296 (4th Cir.1982), cert. denied, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983), the defendant was indicted for first degree murder under 18 U.S.C. § 1111(a). At trial, the defendant requested a charge on the lesser included offense of murder in the second degree and was convicted of this offense. 684 F.2d at 299. On appeal, the court raised the possibility that the lesser offense may have been barred by the statute of limitations. 684 F.2d at 298. Noting, however, that the defendant had requested the lesser included offense charge, the court found that the defendant's "actions obviously constitute a waiver of the time limitation...." 684 F.2d at 299–300. It appears that the defendant made no explicit and knowing waiver of the statute of limitations defense. Nevertheless, the court found that the defendant had waived the defense by requesting a charge on the time-barred offense. See also *United States v. DeTar*, 832 F.2d 1110, 1115 (9th Cir.1987) (request for lesser included offense instruction waives statute of limitations defense to that offense). We think a plea of guilty to a time-barred offense similarly waives the statute of limitations defense.

Because we find that Acevedo waived his statute of limitations defense, we need not reach the issue of whether the substantive RICO count to which Acevedo pled guilty included predicate acts that occurred within the statute of limitations period. The judgment of the district court is affirmed.