USCA1 Opinion

 

 January 24, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1857 UNITED STATES, Appellee, v. BENITO FILIMON JIMINIAN, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ___________________ Joel Vincent on brief for appellant. ____________ Jonathan R. Chapman, Assistant United States Attorney, and ___________________ Margaret D. McGaughey, Assistant United States Attorney, on brief _____________________ for appellee. __________________ __________________ Per Curiam. Defendant-appellant Benito Filimon ___________ Jiminian pled guilty to one count of possession of heroin with intent to distribute it, see 21 U.S.C. 841(a)(1), ___ 841(b)(1)(c), 846, and one related conspiracy count, see 18 ___ U.S.C. 2. The district court determined that Jiminian is a career offender under the Sentencing Guidelines and sentenced him accordingly. Jiminian challenges his sentence, claiming that he was improperly classified as a career offender. Appellant also argues that the district court erred in refusing his request for a downward departure from the applicable guideline range on the basis that his criminal history category over-represented the seriousness of his criminal history. We affirm. I. The district court adjudicated Jiminian a career offender on the basis of two prior state drug convictions for possession of cocaine with intent to distribute it. Appellant argues that these convictions could not properly count as predicate offenses because the Sentencing Commission exceeded it statutory authority when it designated offenses under state drug laws as qualifying offenses for career offender status. In particular, Jiminian contends that the enabling statute, 28 U.S.C. 924(h), allows only drug convictions obtained under the federal statutes it enumerates--not convictions obtained under similar state -2- statutes---to count as predicate offenses. We have previously rejected this argument and are not persuaded to revisit the issue here. See United States v. Beasley, No. ___ _____________ _______ 93-1391, slip op. at 6-12 (1st Cir. December 21, 1993); see ___ also United States v. Dyer, No. 93-1045, slip op. at 2 (1st ____ _____________ ____ Cir. June 18, 1993) (per curiam). Appellant also argues that the district court erred in failing to inquire into the facts surrounding the latter of the two state drug convictions to determine whether it indeed qualified as a predicate offense. Although appellant's argument is not entirely clear, he appears to contend that if the district court had made further inquiry, it would have ascertained that the evidence in this state case was only sufficient to support a finding of simple possession of cocaine for personal use and not intent to distribute it.1 Appellant, however, conceded below that this offense was a predicate offense under "a strict reading of the sentencing guidelines." Accordingly, the issue is waived on appeal. See United States v. Ortiz, 966 F.2d 707, ___ ______________ _____ 717 (1st Cir. 1992) (claims not raised at the time of sentencing are waived on appeal), cert. denied, 113 S. Ct. _____________ 1005 (1993). We further note that since appellant's ____________________ 1. Pursuant to U.S.S.G. 4B1.1, 4B1.2, a conviction for possession of a controlled substance with intent to distribute it--but not simple possession of a controlled substance--is a predicate offense for career offender status. -3- conviction in the state case at issue resulted from a guilty plea, he admitted guilt to the charged offense. See, e.g., ___ ____ Acevedo-Ramos v. United States, 961 F.2d 305, 308 (1st Cir.), _____________ _____________ cert. denied, 113 S. Ct. 299 (1992).2 ____________ II. Appellant's remaining claimed error is the failure of the district court to depart downward from the applicable guideline range. We have often stated that a district court's discretionary decision not to depart from the guidelines is unappealable unless the decision is a "product of the court's miscalculation about whether it possessed the authority to depart." United States v. Amparo, 961 F.2d 288, _____________ ______ 292 (1st Cir.), cert. denied, 113 S. Ct. 224 (1992). Here, ____________ the record is clear that the district court recognized it had the authority to depart from the guidelines, but exercised its discretion not to do so. Accordingly, we have no jurisdiction to review appellant's claim. The judgment below is affirmed. See Loc. R. 27.1. ___ ____________________ 2. We also find that appellant waived any issue regarding the voluntariness of the guilty plea. We make no comment on whether the constitutionality of the state conviction would have been open to collateral attack at sentencing if the issue had been raised below. -4-