**UNITED STATES of America, Plaintiff,**

v.

**Keith WATSON, Defendant.**

**Criminal No. 1:96CR22.**

United States District Court,
N.D. West Virginia.

Oct. 18, 1996.

Paul T. Camilletti, Assistant United States Attorney, Wheeling, WV, for U.S.

Harry A. Smith, III, Jory & Smith, Elkins, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

This matter is before the Court on the motion of the defendant, Keith Watson, to dismiss the criminal proceedings against him (Docket No. 5). The legal issues underlying this motion have been fully briefed by the parties in accordance with the Court's August 19, 1996 order and therefore are ripe for review. For the reasons that follow, the defendant's motion is DENIED.

### I. FACTUAL BACKGROUND

On January 6, 1995, defendant Keith Watson ("Watson") entered into a written agreement with the United States under which he agreed to plead guilty to a one-count information charging him with conspiracy to both possess with intent to distribute, and distribute, dilaudids in violation of 21 U.S.C. § 841(a)(1) and § 846. For reasons unknown to the Court, the government waited until May 30, 1996 before filing with the clerk of court an information charging Watson with involvement in such a conspiracy that purportedly existed "[f]rom in or about 1989 to in or about July, 1991."

By order dated July 1, 1996, the Court scheduled a hearing in the matter for 10:00 a.m. on July 12, 1996, for the purpose of the formal filing of the information, and the entry of a plea by the defendant subsequent to his waiver in open court of prosecution by indictment, in accordance with Fed.R.Crim.P. 7(b).

On July 3, 1996, however, Watson's attorney, Harry A. Smith III ("Smith"), contacted the Court's law clerk to, among others,[1] inform the Court that he had a scheduling

---

1. He also expressed concern over the fact that the July 1 Order erroneously stated that a presentence investigation report has been prepared and that the Court would, therefore, also conduct sentencing on July 12.

conflict that would make it impossible for him to appear in Clarksburg on July 12, 1996. He further stated that he believed the information raised a jurisdictional issue, and that he intended to file a motion to dismiss the charges against his client.[2] To facilitate the preparation and filing of this motion, as well as to alleviate his scheduling conflict, Smith requested that the hearing be rescheduled for a later date when the Court would be able to take up his jurisdictional argument before proceeding to the waiver of indictment and plea stages.

After being advised that the next available date on the Court's calendar on which a hearing could be scheduled was August 19, 1996, Smith and the Assistant United States Attorney assigned to the case lodged no objection, and the Court rescheduled the hearing accordingly.

Thereafter, on August 9, 1996, Smith faxed to the Court a motion to dismiss the information which argued that the five year statute of limitations in criminal actions, 18 U.S.C. § 3282, barred any prosecution of Watson after July 31, 1996.[3]

The United States opposes this motion, and asserts that the applicable statute of limitations was tolled on May 30, 1996, when the information was stamped "filed" by the Court's clerk. After the hearing on August 19, the Court requested supplemental briefs analyzing the construction of the phrase "information is instituted" in 18 U.S.C. § 3282.

## II. *ANALYSIS*

18 U.S.C. § 3282 states as follows:

*Offenses not capital:* Except as otherwise provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the *information is instituted* within five

years next after such offense shall have been committed.

18 U.S.C.A. § 3282 (1985) (emphasis added). Watson argues that an information cannot be "instituted" within the meaning of § 3282 until a waiver of the Fifth Amendment right to be prosecuted by indictment has occurred in accordance with Fed.R.Crim.P. 7(b). It is undisputed that Watson has made no such waiver, and since more than five years have passed since the termination of the conspiracy charged in the information, he asserts that § 3282 forms an absolute bar to his further prosecution and compels dismissal of the information.

In support of this argument, Watson relies principally on *United States v. Wessels,* 139 F.R.D. 607 (E.D.Pa.1991), in which a United States Magistrate Judge held that, unlike the return of an indictment, the filing of an information with the clerk of court does not extinguish the defendant's right to a preliminary examination under Fed.R.Crim.P. 5.1. Central to this conclusion is the premise that a waiverless information is not the functional equivalent of a found indictment:

Unless there is a valid waiver, the lack of an Indictment in a federal felony case is a defect going to the jurisdiction of the Court. *United States v. Montgomery,* 628 F.2d 414 (5th Cir.1980). *Without the waiver required by Rule 7(b) of the Federal Rules of Criminal Procedure an Information charging a felony offense is virtually meaningless.* It can be filed, just as the Information against Anthony Wessels was filed in the case at bar. Yet even though an Information may be *filed* before the defendant waives in open "court" his right to be prosecuted by Indictment, he or she cannot be required to plead or be tried until such Waiver has been made. [citation omitted]

---

**2.** On July 3, 1996, Smith had intended to file a motion to dismiss the charges against Watson premised on the argument that his client had withdrawn from the conspiracy, the theory being that the statute of limitations had started to run on the date of this withdrawal, which presumably fell sometime before July 3, 1991. Smith abandoned this position sometime in mid-July, however, after discussions with the United States Attorney's Office prompted him to review *U.S. v. Urbanik,* 801 F.2d 692 (4th Cir.1986). Review of

that case convinced him that a withdrawal argument was not viable.

At this point, Smith left on a family vacation and put aside this and all his other cases until his return.

**3.** According to Smith he first discovered the basis for his current motion when he returned from vacation in early August.

*Wessels,* 139 F.R.D. at 609 (emphasis added). Thus, the crux of the defendant's argument is that since a waiverless information is "virtually meaningless" it could not possibly be "instituted" within the meaning of 18 U.S.C. § 3282.

The Government vigorously disputes this conclusion. Citing to a line of nineteenth century Supreme Court decisions as well as to other cases construing an analogous statute of limitations in the Internal Revenue Code,[4] it argues that, while a Rule 7(b) waiver is necessary to commence a formal prosecution by information, the information is nonetheless "instituted" within the meaning of § 3282, and the limitations period therefore tolled, when the information is filed with the clerk of court.

It is beyond peradventure that the absence of a valid waiver of prosecution by indictment is a jurisdictional defect that bars the acceptance of a guilty plea or the commencement of trial on the relevant charges. *See* Wright, *Federal Practice and Procedure: Criminal 2d,* § 121 at p. 340. It does not follow from that proposition, however, that a waiverless information cannot therefore be "instituted" within the meaning of § 3282.

Although the precise meaning of the word "instituted" as it is used within the context of § 3282 has never been squarely addressed by the Fourth Circuit, case law from another circuit affords some guidance. In *United States v. Cooper,* 956 F.2d 960 (10th Cir. 1992), the Tenth Circuit was faced with a situation that in many ways resembles the facts here. The defendant had entered into a written plea agreement with the government under which she agreed to waive indictment and plead guilty to a one-count information. The agreement was executed well within the applicable limitations period but the information itself was not filed by the clerk of court until seven days after the expiration of the period, after which the defendant then waived indictment and pleaded guilty. *Id.* at 960–961.

Upon discovering that the filing date of the information was outside the limitations period, defense counsel immediately moved for dismissal. The district court denied this motion, reasoning that the defendant's guilty plea constituted an express waiver, which barred assertion of the statute of limitations defense.

The Tenth Circuit rejected this reasoning, finding that the plea did not constitute a valid waiver of the statute of limitations defense. It then proceeded to a more thorough examination of the district court's understanding of the operation of 18 U.S.C. § 3282 in cases prosecuted by information.

In its order denying the defendant's motions, the Court stated the filing of the information was delayed "[b]ecause the Information could not be filed of record until the Defendant waived prosecution by Indictment in open court." This conclusion was reached in apparent reliance upon Fed.R.Crim.P. 7(b). *We disagree with that assessment.* Rule 7(b) does not prohibit the *filing* of an information in the absence of waiver of indictment by the defendant. Instead, the rule proscribes *prosecution* without waiver. *Therefore, the information could have been filed within the period of limitations, thus providing a valid basis for the prosecution.* *Cooper,* 956 F.2d at 962–963 (emphasis added). Ultimately, the court dismissed the information because it was not filed with the clerk of court within the applicable limitations period.

Despite the fact that the word "institution" is never explicitly used, the holding in *Cooper* plainly indicates that an information provides a valid basis for prosecution from the time that it is filed with the clerk, regardless of whether there has been a valid waiver under Rule 7(b). Implicit in this holding is the reciprocal notion that the filing of the information, and not the Rule 7(b) waiver of indictment, is the event critical to tolling the applicable limitations period; otherwise, there could be no valid basis for prosecution on an information until a Rule 7(b) waiver had occurred.

The reasoning in *Cooper* persuades this Court that an information is "instituted" when it is filed with the clerk of court, and

4. *See* 26 U.S.C.A. § 6531 (1989).

further that the information charging Watson was "instituted," within the meaning of 18 U.S.C. § 3282, when it was filed with the Court's clerk on May 30, 1996. The information, therefore, was instituted within five years after the commission of the offense charged and the motion of defendant Watson is DENIED.[5] The hearing in this matter is re-scheduled for **October 25, 1996 at 10:00 a.m.** at the **Clarksburg** point of holding court.

It is so ORDERED.

---

**5.** This holding in no way alters the fact that Watson must waive his right to prosecution by indictment before this case can proceed. Were he to refuse to make this waiver, as his attorney has previously indicated to the Court he might, his subsequent indictment on the charges contained in the May 30, 1996 information would not be barred. While such refusal might indeed compel the Court to dismiss the information, this dismissal would flow from the refusal to waive, as opposed to a finding that the information was not "filed" within the applicable limitations period. Accordingly, 18 U.S.C. § 3288 would afford the government six months from the date of the dismissal in which to return a new indictment against Watson on these charges.