[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 98-2163

UNITED STATES,

Appellee,

v.

JUAN MOLINUEVO-POLANCO, a/k/a Francisco A. Caban,
a/k/a Juan Caba,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

---

Before

Boudin, Stahl and Lynch,
Circuit Judges.

---

Ramon Garcia on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-
Pacheco, Assistant United States Attorney, and Camille Velez-
Rive, Assistant United States Attorney, on brief for appellee.

---

March 8, 2000

---

**Per Curiam**. Appellant Juan Molinuevo-Polanco pled guilty to one count of illegally reentering this country after a prior conviction for an aggravated felony and deportation in violation of 8 U.S.C. § 1326(b). Prior to sentencing, he never sought to withdraw his guilty plea, but this is the relief he seeks on appeal. He contends that his Fifth Amendment due process rights were violated when certain government agents failed to advise him of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and failed to advise him of his rights under the Vienna Convention on Consular Relations or to notify his consulate of his arrest. The thrust of his argument appears to be that he would not have made certain incriminating statements to government agents, or would not have pled guilty, if he had received the requisite Miranda warnings and if his Vienna Convention rights had been observed. We affirm for the following reasons.[1]

    1. We think that the government has adequately explained in its brief why the Fifth Amendment due process

_____

[1]We also grant Molinuevo's motion to submit his appeal to the court on the basis of the parties' briefs and without oral argument.

claim fails, at least insofar as it is based on the alleged violation of the Vienna Convention.  We agree that claimant has not made the requisite showing of prejudice.  See United States v. Ademaj, 170 F.3d 58, 67 (1st Cir.), cert. denied, 120 S. Ct. 206 (1999) (rejecting Fifth Amendment due process claim, based on violation of Vienna Convention, on plain error review because appellant had not shown prejudice due to the violation).  Accordingly, the extent to which appellant may or may not have enforceable rights under the Vienna Convention is irrelevant here.  See generally United States v. Li, Nos. 97-2034 et al. (1st Cir. Feb. 29, 2000) (en banc).

2.  There is no need to consider the Miranda claim, although the government submits proof that it advised Molinuevo of his Miranda rights before he admitted his guilt to government agents.  By pleading guilty, Molinuevo waived any Miranda violation.  See United States v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994) (noting that an unconditional guilty plea waives prior non-jurisdictional constitutional errors and rejecting contention that a claim for suppression of evidence is a non-waived jurisdictional issue); Acevedo-Ramos v. United States, 961 F.2d 305, 307-09 (1st Cir. 1992)

(concluding that guilty plea waivers of affirmative defenses to prosecution need not be explicit).

In any event, even if we were to consider his claim on this undeveloped record (the appellant never filed a motion to suppress below and no suppression hearing based on any Miranda violation was ever held), we could not find that the alleged Miranda violation was plain error. For all we know, Molinuevo may have impliedly or even explicitly waived his Miranda rights before admitting his guilt. See United States v. Nunez, 19 F.3d 719, 723 (1st Cir. 1994) (concluding, after assuming that plain error review of a waived suppression claim was appropriate, that plain error could not be shown given the lack of adequate factual development in the district court); accord United States v. Davenport, 986 F.2d 1047, 1048-49 (7th Cir. 1993).

3. Molinuevo has not explicitly contended that he did not enter his guilty plea voluntarily, knowingly and intelligently, and he has not challenged the validity of his plea hearing under Fed. R. Crim. P. 11. Accordingly, he has not shown that vacating his guilty plea on direct appeal would be appropriate. See United States v. Noriega-Millan, 110 F.3d 162, 166 (1st Cir. 1997) (indicating that a criminal defendant seeking to withdraw his guilty plea for

-4-

the first time on direct appeal would have to show a "substantial defect in the Rule 11 proceeding") (citation omitted); <u>United States</u> v. <u>McKelvey</u>, No. 99-1264, slip op. at 6 (1st Cir. Feb. 11, 2000) (indicating that a criminal defendant seeking to withdraw his guilty plea on direct appeal would have to show "a fundamental defect [in his plea proceeding] which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure") (citation and internal quotation marks omitted).

4. We note our doubt that Molinuevo's allegedly unconstitutional confession factored into his decision to plead guilty. As an undisputed investigative report appended to the government's brief shows, the government had ample evidence of his guilt apart from the confession. Moreover, by the time he pled guilty he was represented by an attorney who would seem better able to advise him in connection with his plea than consular authorities.

<u>The conviction and sentence are affirmed. See Loc. R. 27(c).</u>