[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17486
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00003-LJA-CHW-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONTARIAN GREEN,
a.k.a. Shenard,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 2, 2017)

Before WILLIAM PRYOR, NEWSOM and FAY, Circuit Judges.

PER CURIAM:

Ontarion Green appeals his sentence of 45 months of imprisonment following his plea of guilty to conspiring to distribute cocaine. 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). Green challenges as procedurally unreasonable the addition of two points to his criminal history score for committing his offense while serving a criminal justice sentence. *See* United States Sentencing § 4A1.1(d) (Nov. 2015). Green also challenges as substantively unreasonable his sentence to a term 12 months above his advisory guideline range. Because the district court correctly decided that Green's plea of guilty provided the factual basis to increase his criminal history score and reasonably determined that Green's conduct and demeanor warranted an upward variance, we affirm.

Green's sentence is procedurally reasonable. A defendant is subject to an increase of his criminal history score if he "committed the instant offense while under any criminal justice sentence, including probation . . . ." *Id.* Green pleaded guilty and admitted to the facts in his superseding information that he "unlawfully and knowingly conspire[d] to distribute . . . cocaine . . . from on or about January 1, 2011, to on or about August 31, 2014." *See Moore v. United States*, 425 F.2d 1290, 1291 (5th Cir. 1970) ("A plea of guilty knowingly and understandingly made is an admission of all facts alleged in the . . . information . . . ."). And Green acknowledged during his change of plea hearing that he committed the offense "between January 1st, 2011, and August 21st, 2014." As the district court stated

2

during sentencing, Green's "guilty plea" established "that he was engaged in the conspiracy" while completing a sentence to 10 years of probation for selling cocaine, which began on February 17, 2003, and ended on February 17, 2013. Green argues that his specific admission to calling his coconspirators in April 2013 "limited [his] involvement" in the conspiracy, but Green "cannot . . . ignore the plain wording of the [information]," which "on its face" establishes the duration of his crime, *see United States v. Helmich*, 704 F.2d 547, 548 (11th Cir. 1983) (rejecting argument that prosecution was barred by the statute of limitation because "the indictment on its face [did not] show[] that the limitations period had expired"). Because Green participated in the conspiracy while "under a[] criminal justice sentence . . . [of] probation," the district court correctly added two points to his criminal history score. *See* U.S.S.G. § 4A1.1(d).

Green's sentence of 45 months is substantively reasonable. While on probation for selling cocaine, Green conspired to distribute between 100 and 200 grams of the same illegal substance. With an offense level of 16 and a criminal history of III, Green faced an advisory sentencing range of 27 to 33 months of imprisonment. But the district court reasonably determined to "vary upward from the guidelines and . . . [impose] an additional 12 months of incarceration" based on Green's "behavior during [sentencing], . . . his history and characteristics, . . . [and] the need to promote respect for the law." *See* 18 U.S.C. § 3553(a). As the district

court stated, Green exhibited a disrespect for authority by reoffending, by "smirk[ing]" at the judge, and by falsely testifying that he joined the conspiracy in April 2013, and he exhibited an indifference to his community by perpetuating its drug problems and blaming it for his crimes. We cannot say that the district court abused its discretion by sentencing Green to a term that is far below his maximum statutory sentence of 20 years of imprisonment. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir.), *cert. denied*, 137 S. Ct. 254 (2016).

We **AFFIRM** Green's sentence.