UNITED STATES of America,
Plaintiff–Appellee,

v.

Elizabeth BURDIX–DANA,
Defendant–Appellant.

No. 97–3977.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1998.

Decided July 27, 1998.

Mark D. Stuaan (argued), Judith A. Stewart, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

William E. Marsh, Steven J. Riggs (argued), Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Before COFFEY, KANNE, and EVANS, Circuit Judges.

KANNE, Circuit Judge.

On February 20, 1997, the United States Attorney for the Southern District of Indiana filed an information with the district court charging Burdix–Dana with filing a false, fictitious, or fraudulent claim upon the United States Treasury Department in violation of 18 U.S.C. § 287. The information alleged that the violation took place on or about February 24, 1992. The statute of limitations for this offense is five years, as set forth in 18 U.S.C. § 3282.

On March 4, 1997, a federal grand jury returned an indictment against Burdix–Dana charging her with the same offense committed on the same date as asserted in the information. On March 13, 1997, the government moved to dismiss the information. The district court granted this motion on March 14, 1997.

On March 20, 1997, Burdix–Dana moved to dismiss the indictment because it had not been returned within the five year limitations period. The district court denied this motion on June 3, 1997.

The parties then entered into a written plea agreement which expressly reserved Burdix–Dana's right to appeal the denial of the motion to dismiss. This is her appeal.

This case presents questions of law, which we review de novo. See United States v. Fife, 81 F.3d 62, 63 (7th Cir.1996). We address two questions: 1) whether filing an information with the district court is sufficient to "institute" the information as that language is used in the statute of limitations, 18 U.S.C. § 3282; and if so, 2) whether the subsequent filing of the indictment and dismissal of the information after the period of limitations had run satisfy the statute of limitations.

The applicable statute of limitations provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282. The parties do not dispute that the government did not return an indictment within the five year period. Our first question, then, is whether filing the information was sufficient to "institute" it within the meaning of the statute. Relying on Fed. R.Crim.P. 7(b), Burdix–Dana urges us to equate "institute" with the ability to proceed with a prosecution; thus she argues that in a felony proceeding, an information is not "instituted" until the defendant has waived her right to an indictment and prosecution may proceed on the information.[1] We decline to adopt this position.

While we recognize that the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges, see Fed.R.Crim.P. 7(b), we do not believe that the absence of this waiver makes the filing of an information a nullity. Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver. See United States v. Cooper, 956 F.2d 960, 962 (10th Cir.1992). Rule 7(b) concerns itself with the require-

---

1. Burdix–Dana also cites Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965), as support for her argument that to institute an information, the government must be able to prosecute on the information. Jaben did consider the meaning of the term "institute," but in the context of a different statute governing criminal complaints, not informations. The considerations that led the Court to its conclusion in Jaben were specific to the statute under review, and therefore the case is distinguishable from the one we currently address.

ments that the government must satisfy before it proceeds with a prosecution. We do not see how this rule affects the statute governing the limitation period. There is nothing in the statutory language of 18 U.S.C. § 3282 that suggests a *prosecution* must be instituted before the expiration of the five year period; instead the statute states that the *information* must be instituted. We hold that the filing of the information is sufficient to institute it within the meaning of 18 U.S.C. § 3282. *Accord United States v. Watson*, 941 F.Supp. 601, 603–04 (N.D.W.Va.1996).

Although the filing of the information was sufficient for statute of limitations purposes, the government could not have held Burdix–Dana to answer for a felony solely on the basis of the information. The felony prosecution required either a waiver of her right to indictment or the return of an indictment. The government secured an indictment on March 4, 1997, after the statute of limitations had run. However, the government, on March 13, 1997, successfully moved to dismiss the information. This dismissal brought 18 U.S.C. § 3288 into play.

> 18 U.S.C. § 3288 provides in relevant part: Whenever an indictment *or information charging a felony* is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information … which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

(emphasis added). This statute allows the government to file an indictment after the limitations period has run where, as in the instant case, the reason for dismissing the information is other than a failure to institute the information during the applicable statute of limitations. We have held that the information was properly instituted during the limitations period, and the district court did not dismiss the information on statute of limitations grounds. Thus, 18 U.S.C. § 3288 applies and the indictment, returned on March 4, 1997, was sufficient for statute of limitations purposes.[2]

Burdix–Dana raises policy arguments urging us to decide this case differently. Most compelling is her argument that by equating "instituted" with "filed" and then applying 18 U.S.C. § 3288, we have allowed prosecutors to file an information, wait indefinitely, then present ·the matter to a grand jury well beyond the statute of limitations but within six months of the dismissal of the information. We first must note that this situation would only arise if the defendant charged in the information rests on her rights and does not move for a dismissal of the information herself. The prosecutor may only "wait indefinitely" if the defendant chooses not to pursue dismissal on her own behalf.[3] Additionally, since the statutory language does not compel the result Burdix–Dana seeks, this argument is better presented to Congress than this court.

We therefore AFFIRM the district court's denial of Burdix–Dana's motion to dismiss.

---

**2.** Although the statute contemplates an indictment returned after the court dismisses the information, in this case the grand jury returned the indictment *before* the court dismissed the information. We need not reach the question of whether this ordering has any effect; while Burdix–Dana addressed this argument to the district court she does not raise it on appeal.

**3.** Burdix–Dana argues that filing the information does not necessarily require notice to the person charged therein; thus it is possible that a person could fail to assert her rights not for lack of diligence, but for lack of notice. This issue is not relevant here because in this case Burdix–Dana did have notice of the charges pending against her.