**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2006
Decided December 21, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2530

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 05-10034-001 |
| DAVID C. HAWKINSON, <br> *Defendant-Appellant.* | Michael M. Mihm, <br> *Judge.* |

**O R D E R**

While working as a financial advisor at Smith Barney, David Hawkinson defrauded 36 of his clients in a Ponzi scheme. He pleaded guilty to one count of mail fraud, 18 U.S.C. § 1341, and one count of money laundering, *id.* § 1956(a)(1)(A)(i). The district court calculated a guidelines imprisonment range of 57 to 71 months and sentenced Hawkinson to a total of 68 months to be followed by three years of supervised release. The court also ordered Hawkinson to pay $374,576 in restitution and $200 in special assessments.

Hawkinson filed a notice of appeal, but his appointed lawyer now seeks to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Hawkinson was invited, pursuant to Circuit Rule

51(b), to comment on counsel's submission, but he has not responded. Our review is limited to the three potential issues counsel highlights in her facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997). Counsel advises us that Hawkinson does not want his guilty pleas vacated, and therefore she appropriately refrains from discussing potential challenges to the voluntariness of those pleas or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel first considers whether Hawkinson could argue that the district court erred in accepting the probation officer's recommendation to increase his offense level by 14 based on a loss amount of $795,218. *See* U.S.S.G. § 2B1.1(b)(1)(H) (14-level increase applies where loss exceeds $400,000). But as counsel points out, this argument would be frivolous; Hawkinson did not object to the probation officer's loss calculation in the presentence report, and a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *see United States v. Salinas,* 365 F.3d 582, 587 (7th Cir. 2004). Moreover, the presentence report identifies each victim that Hawkinson defrauded and includes the amount of loss that each had incurred at the point when the fraud was discovered, so the loss calculation in the report bears "sufficient indicia of reliability." *See* U.S.S.G. § 6A1.3(a); *United States v. Romero*, Nos. 05-3294 & 05-3681, 2006 WL 3530656, at *6 (7th Cir. Dec. 8, 2006); *United States v. Fudge*, 325 F.3d 910, 920 (7th Cir. 2003).

Counsel next considers whether Hawkinson could argue that the government violated the five-year statute of limitations governing the mail fraud count, *see* 18 U.S.C. § 3282, since the indictment alleges that Hawkinson executed the scheme on or about June 14, 2000, but the indictment was not returned until June 15, 2005. As counsel recognizes, this argument would be frivolous because a sealed information charging the same offense was filed on June 10, 2005, and the filing of that information satisfied the statute of limitations. *See* 18 U.S.C. §§ 3282, 3288; *United States v. Burdix-Dana*, 149 F.3d 741, 743 (7th Cir. 1998); *see also United States v. Pearson*, 340 F.3d 459, 464 (7th Cir. 2003) (return of indictment within statutory period satisfies statute of limitations even if indictment is sealed). And even if that was not the case, Hawkinson's unconditional guilty plea waived any limitations defense he might have had on this count. *See United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004) (unconditional guilty plea waives all non-jurisdictional defects); *United States v. Baldwin,* 414 F.3d 791, 795 (7th Cir. 2005) (statute of limitations is affirmative defense, not jurisdictional).

Finally, counsel considers arguing that Hawkinson's prison sentence is unreasonably long. At sentencing Hawkinson argued for a prison term below the range because he had no criminal history and is the sole caretaker of his 90-year-old father. Counsel rightly concludes that it would be frivolous for Hawkinson to argue

that the lack of prior convictions and the need to care for his aging father compelled a lower sentence.  A sentence within the guidelines range is presumptively reasonable.  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  The Supreme Court has granted a writ of certiorari to determine whether that presumption is consistent with *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W 3246 (U.S. Nov. 3, 2006) (No. 06-5754); *see also United States v. Gama-Gonzalez*, No. 06-1965, 2006 WL 3490843, at \*1 (7th Cir. Dec. 5, 2006).  But even if we ignore the presumption, we would conclude that Hawkinson's overall term of imprisonment is reasonable.  The district court considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), but concluded that Hawkinson's lack of prior convictions was adequately accounted for in his criminal history score, and that his fraudulent scheme—which commenced in 1996—was too serious to justify reducing his sentence so that he could care for his father.  Counsel is unable to identify any other factors that would have compelled a lower sentence.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.