**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**


Argued September 22, 2011
Decided December 27, 2011

**Before**

Hon. William J. Bauer,  *Circuit Judge*

Hon. Daniel A. Manion,  *Circuit Judge*

Hon. Michael S. Kanne,  *Circuit Judge*


| | |
|---|---|
| No. 11-1820 | Appeal from the United States District Court for the Western District of Wisconsin |
| United States of America, *Plaintiff-Appellee*, | |
| v. | No. 10 CR 12 |
| Richard Crayton, *Defendant-Appellant*. | **Barbara B. Crabb**, *Judge*. |


# O R D E R

A jury convicted Richard Crayton of distribution of heroin, but failed to reach a unanimous verdict on the special verdict question of whether Crayton's distribution of heroin resulted in the death of another person.  At sentencing, the district court found by a preponderance of the evidence that the heroin distributed by Crayton resulted in the death of Nicole Hedges.  Accordingly, the court imposed the mandatory minimum sentence of twenty years' incarceration pursuant to 21 U.S.C. § 841(b)(1)(C).  On appeal, Crayton challenges the court's evidentiary ruling at trial concerning the admissibility of certain hearsay statements and the court's twenty-year sentence.  We find no error in

either the court's ruling on the admissibility of the hearsay statements or its enhanced sentence, and therefore affirm.

I.

In April 2009, Kevin Krugel began a relationship with a young woman named Nicole Hedges, whom he met at a substance abuse treatment center.  On May 1, 2009, Krugel and Hedges were discharged from the center for rules violations.  Krugel then contacted several people seeking heroin to cope with his withdrawal symptoms. The next day, Dominic Becerra, a friend of Krugel's, drove Krugel to Wausau, Wisconsin to purchase heroin from Richard Crayton. Crayton sold one gram of heroin to Krugel, and both Krugel and Becerra immediately used some of this heroin. They then drove to see Hedges, who was staying at a shelter in Merrill, Wisconsin.

During their conversation, Hedges learned that Krugel had heroin, and she asked to use some. Hedges snorted two lines of heroin and then went back to the shelter and took a nap. Another resident of the shelter attempted to awaken her approximately one hour later, but Hedges was unresponsive.  Paramedics were called, and they pronounced her dead at the scene. A forensic pathologist performed an autopsy and determined that Hedges had died of heroin toxicity or overdose.

At trial, Crayton argued that while he did sell heroin to Krugel, he was not responsible for Hedges's death because Krugel provided the heroin to Hedges. Crayton also argued that Krugel and Becerra had purchased heroin from a different source the day before Krugel purchased heroin from Crayton, and that there were thus two sources of heroin available that could have been given to Hedges. Crayton called Becerra to testify on this matter, but  Becerra claimed to have no recollection of any facts relating to this case due to a subsequent fentanyl overdose.

Crayton sought to have Becerra declared unavailable pursuant to Federal Rule of Evidence 804(b)(3).  With Becerra unavailable, Crayton wanted to introduce into evidence Becerra's hearsay statement to police made on June 3, 2009, in which he stated that he had used heroin with Krugel the day before they purchased heroin from Crayton. The district court declared Becerra unavailable due to his lack of memory, but concluded that Becerra's statement to police was not admissible as a statement against interest on the grounds that the statement was not trustworthy.

After the two-day trial, the jury found Crayton guilty of distribution of heroin. The jury failed to reach a unanimous verdict on the special jury question of whether Crayton's distribution of heroin resulted in the death of Nicole Hedges. The presentence report concluded that, pursuant to U.S.S.G. § 2D1.1(a)(2), the government could prove by a preponderance of the evidence that the heroin distributed by Crayton resulted in the death of Hedges. At sentencing, the district court found by a preponderance of the evidence that the heroin distributed by Crayton resulted in the death of Hedges, and it imposed the mandatory minimum sentence of twenty years' incarceration pursuant to 21 U.S.C. § 841(b)(1)(C). Crayton now appeals both the imposition of the maximum sentence and the district court's ruling that Becerra's statement to police was inadmissible.

II.

We review a district court's decisions on the admission of evidence for abuse of discretion. *United States v. Jones*, 600 F.3d 847, 853 (7th Cir. 2010). Issues of law regarding increases in mandatory sentencing terms and burdens of proof are reviewed de novo. *United States v. Krieger*, 628 F.3d 857, 862 (7th Cir. 2010).

We first consider the district court's decision on the admissibility of Becerra's hearsay statement. Federal Rule of Evidence 804(b)(3) permits the admission of hearsay statements if (1) the declarant is unavailable as a witness; (2) the statement was against the declarant's penal interest when made; and (3) corroborating circumstances clearly suggest that the statement is trustworthy. Fed R. Evid. 804(b)(3); *see also United States v. Jackson*, 540 F.3d 578, 588 (7th Cir. 2008). The burden rests on the proponent of the hearsay statement to demonstrate that each element is satisfied. *Id.* Corroborating circumstances must clearly indicate that the statement is trustworthy, or the statement must be excluded. *Id.* at 589.

Neither party disputes that Becerra is unavailable (his lack of memory renders him so), and his statement is clearly against his own penal interest (he admitted to doing heroin to a police officer), but we will not disturb the district court's finding that Becerra's statement is untrustworthy. As the district court noted, Becerra made contradictory statements to police. Becerra first stated that he smoked heroin before going with Krugel to purchase heroin from Crayton, but one week later he stated that he and Krugel drove directly to Crayton's to purchase heroin without having used any

heroin prior to his dismissal from the treatment center. Furthermore, the district court concluded that Becerra's statement to police was inconsistent with other evidence presented at trial, including witness testimony. Krugel himself testified at trial that the heroin he gave to Hedges was from the block of heroin he purchased from Crayton. In light of these facts, we cannot say that corroborating evidence clearly shows that Becerra's statement was trustworthy; in fact, it shows the opposite, and thus there is no error in the district court's ruling.

We next consider whether the district court erred when it sentenced Crayton to a mandatory minimum twenty-year sentence. The Supreme Court has held that the Due Process Clause of the Fifth Amendment mandates that "other than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, the Supreme Court later clarified that this holding does not apply to increases in mandatory *minimum* penalties. Consequently, a statute can increase the minimum penalty for a crime when a fact is found by a judge under a preponderance of the evidence standard. *Krieger*, 628 F.3d at 863 (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 91 (1986)).[1] We have previously held that the "death resulting" enhancement under 21 U.S.C. § 841(b)(1)(C) is a sentencing factor that can be found by a judge under a preponderance of the evidence standard. *Id.* at 867.

Crayton attempts to distinguish his case from *Krieger* by arguing that the government should not have two bites at the apple to prove that Hedges's death resulted from the heroin Crayton distributed. Specifically, he asserts that because the government chose to charge the "death resulting" enhancement in the indictment and present that question to the jury, it should be precluded from proving the enhancement

---

[1]*Krieger* was under petition for a writ of certiorari to the Supreme Court, but the Court recently declined to consider the case. *Krieger v. U.S.*, — S. Ct. —, No. 10-10392, 2011 WL 4530597 (*cert. denied*, Oct. 3, 2011). Thus, *Krieger* remains established law.

at sentencing.[2] Crayton cites no law in support of this position, and his argument is unavailing.

We have held that the sentencing judge may consider not only the conduct that formed the basis of the underlying conviction, but also other "relevant conduct" in determining a sentence. *United States v. Anderson*, 517 F.3d 953, 963 (7th Cir. 2008). Such relevant conduct can include uncharged conduct and even conduct that formed the basis of an acquittal, as long as the judge makes findings of fact under a preponderance of the evidence standard. *Id.* Here, even though the jury could not reach a unanimous verdict on the "death resulting" question, the district court was not precluded from considering at sentencing whether Crayton's distribution of heroin resulted in the death of another individual. Based on the evidence presented and witness testimony, the district court concluded by a preponderance of the evidence that the heroin distributed by Crayton caused the death of Hedges. There was ample evidence to support the district court's finding, and accordingly the court did not err when it applied the sentencing enhancement.

### III.

While Becerra was unavailable and his statement was against his penal interest, the district court did not abuse its discretion in concluding that his previous statement to police was not reliable because of inconsistencies in those statements. Accordingly, the district court did not err when it refused to admit Becerra's hearsay statement. The district court was also fully within its power to enhance the mandatory minimum sentence for causing the death of another person based on the preponderance of the evidence presented at trial. Thus, the district court did not err when it applied the "death resulting" enhancement to Crayton's sentence. We AFFIRM.

---

[2]The government alleged a sentencing factor—the "death resulting" enhancement—in the indictment, but did not thereby make it an element of the offense. In its instructions to the jury, the district court treated the "death resulting" enhancement as nothing more than a sentencing factor, not an individual element of the distribution offense. It was simply a special verdict question, and was not part of the jury instructions on the elements of the crime that needed to be established for a conviction.