# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1379

_____

Dorian Ragland

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 14, 2014
Filed: June 23, 2014

_____

Before RILEY, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

Dorian Ragland appeals from the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting his trial counsel "provided ineffective assistance by failing to challenge the timeliness of his indictment pursuant to the limitations imposed by 18 U.S.C. § 3282." Ragland also requests we expand the certificate of appealability and remand for further consideration in light of <u>Burrage v. United States</u>, 571 U.S. ___, 134 S. Ct. 881

(2014), which was decided after the district court denied § 2255 relief. Upon de novo review,[1] see United States v. Apker, 241 F.3d 1060, 1062 (8th Cir. 2001), we affirm in part, vacate in part, and remand for further proceedings.

## I.     BACKGROUND[2]

Dorian Ragland was a heroin dealer in Cedar Rapids, Iowa. On January 9, 2001, Ragland sold heroin to Zack Lane at Lane's apartment, sitting on Lane's couch and passing around a plate full of heroin as Lane got high. After Ragland left, Lane's roommate helped Lane to bed around midnight. Lane was fading in and out of consciousness as his roommate walked him to his bedroom. Lane's roommate found him dead the next morning "hunched over a laundry basket." The medical examiner concluded Lane died from a central nervous system depression caused by the drugs he had taken.

On January 9, 2006, the government filed a one-count information against Ragland, charging him with distributing heroin resulting in Lane's death in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On January 10, 2006, a grand jury indicted Ragland for the same charge. On April 10, 2006, the government moved without resistance to dismiss the criminal information, which the district court granted. When the jury in Ragland's first trial deadlocked, the district court granted a mistrial. On retrial, the jury convicted Ragland, finding the heroin Ragland distributed "was a contributing factor" in Lane's death. The district court entered judgment and sentenced Ragland to 240 months imprisonment. Ragland appealed, and we affirmed. See Ragland, 555 F.3d at 708-09. Ragland challenged the sufficiency of the evidence against him, arguing in his brief that "[t]he prosecution had a weak circumstantial

---

[1]We have appellate jurisdiction under 28 U.S.C. § 1291.

[2]We recited the underlying facts and procedural history of this case in detail in United States v. Ragland, 555 F.3d 706 (8th Cir. 2009). We repeat the facts here only as relevant to Ragland's § 2255 motion.

case," but did not explicitly challenge causation as he does on collateral review. See id. at 715.

In 2010, Ragland, acting pro se, timely sought relief under 28 U.S.C. § 2255, arguing, among other things, that his counsel was ineffective for failing to assert a statute of limitations defense based on 18 U.S.C. § 3282 and failing to challenge the application of the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(C). Relying in part on then-controlling Eighth Circuit precedent, the district court determined Ragland's ineffective assistance of counsel claims were without merit and denied Ragland a certificate of appealability. We granted a certificate of appealability limited to whether "Ragland's trial counsel was ineffective for failing to raise a statute-of-limitations defense." Ragland asks that we expand the certificate and remand in light of Burrage. We consider each issue in turn.

## II.   DISCUSSION
### A.   Statute of Limitations Defense
Ragland's ineffective assistance of counsel claim is subject to the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984). See Holder v. United States, 721 F.3d 979, 986 (8th Cir. 2013). To obtain relief, Ragland must show his trial counsel's performance was both "deficient"—that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—and "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

A trial counsel's performance is deficient when it falls "below an objective standard of reasonableness" "under prevailing professional norms." Id. at 688. In measuring counsel's performance, we apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "We look at counsel's challenged conduct at the time of his representation of the

defendant and we avoid making judgments based on hindsight." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Maintaining the district court erred in concluding the indictment was timely,[3] Ragland contends his counsel was constitutionally ineffective for failing to assert a statute of limitations defense based on 18 U.S.C. §§ 3282(a) and 3288. Under 18 U.S.C. § 3282(a), "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." In limited circumstances where the indictment or information is dismissed, 18 U.S.C. § 3288 permits the government to file a new indictment after the limitations period expires. According to Ragland,

> the filing of an information on the last date within the statute of limitations did not "institute" the information for the purposes of 18 U.S.C. § 3282 so as to toll the statute of limitations, [and] even if the information was properly instituted, the subsequent finding of an indictment before, rather than after, the information was dismissed does not save the indictment from the assertion of a defense based on the statute of limitations pursuant to 18 U.S.C. § 3288.

Ragland, who describes the case law as "equivocal," concedes neither this court nor the Supreme Court has considered this issue. Ragland also acknowledges the Seventh Circuit, in United States v. Burdix-Dana, 149 F.3d 741, 743 (7th Cir. 1998)—the leading case in this area and the only circuit opinion on point—reached the opposite conclusion. In Burdix-Dana, the Seventh Circuit held the filing of the information was "sufficient to 'institute' the information as that language is used in the statute of

---

[3]The parties dispute whether the indictment was timely and whether the government, by conceding the point in its opening brief, has waived the issue. As explained below, we need not resolve that dispute to decide Ragland's statute of limitations claim.

limitations, 18 U.S.C. § 3282," even though the defendant did not waive her right to an indictment under Federal Rule of Criminal Procedure 7(b). Id. at 742-43. The government urges this court to follow Burdix-Dana.

Relying on "several lower court[]" decisions which Ragland admits "considered the issue with a mixed view," compare United States v. Machado, No. CRIM.A.04-10232-RWZ, 2005 WL 2886213, at *3 (D. Mass. Nov. 3, 2005) (unpublished) (recognizing Burdix-Dana represents the majority view, but rejecting its interpretation of 18 U.S.C. § 3282), with United States v. Stewert, 425 F. Supp. 2d 727, 731-34 (E.D. Va. 2006) (questioning the Seventh Circuit's statutory interpretation in Burdix-Dana before joining "the lion's share of" courts adopting its approach), Ragland urges us to take a different path. Ragland proposes "the better rule would be that the mere filing of an information is not sufficient to 'institute' a proceeding pursuant to 18 U.S.C. § 3282(a)."

We need "not be drawn into the debate, however." Fields, 201 F.3d at 1027. "Given this split of authority at the time [Ragland] was tried, and the complete lack of Eighth Circuit or Supreme Court authority on the subject, it must be said that counsel's performance fell within 'the wide range of professionally competent assistance.'" Id. at 1027-28 (quoting Strickland, 466 U.S. at 690). Even if we assume, without deciding, the indictment itself was untimely and adopt Ragland's proposed interpretation of 18 U.S.C. §§ 3282 and 3288, Ragland's "counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts," Fields, 201 F.3d at 1028, and failure to raise a "novel argument" based on admittedly unsettled legal questions "does not render his performance constitutionally ineffective," Anderson v. United States, 393 F.3d 749, 754 (8th Cir. 2005).[4] "While the Constitution guarantees criminal defendants a competent attorney, it 'does not

---

[4]Because we do not reach the issues addressed in the government's letter filed under Fed. R. App. P. 28(j), we dismiss as moot Ragland's motion to strike that letter.

insure that defense counsel will recognize and raise every conceivable . . . claim.'" Id. (quoting Engle v. Isaac, 456 U.S. 107, 134 (1982)). Ragland's counsel's performance was not constitutionally deficient, and the district court properly denied relief on this claim. See Strickland, 466 U.S. at 689.

## B.     Enhanced Penalty Provision

Ragland next asks that we expand the certificate of appealability and remand in light of the Supreme Court's recent determination that "a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless [the victim's] use [of drugs distributed by the defendant] is a but-for cause of the death or injury." Burrage, 571 U.S. at ___, 134 S. Ct. at 892. To the extent Ragland argues his trial and appellate counsel were ineffective for failing to challenge then-controlling circuit precedent regarding the enhanced penalty provision of § 841(b)(1)(C), we deny the motion. See Burrage, 571 U.S. at ___, ___, 134 S. Ct. at 886, 892 (abrogating United States v. Monnier, 412 F.3d 859, 862 (8th Cir. 2005), and United States v. McIntosh, 236 F.3d 968, 972-73 (8th Cir. 2001)). Our cases make clear that counsel's failure "to anticipate a change in the law" "does not constitute ineffective assistance." Parker v. Bowersox, 188 F.3d 923, 929 (8th Cir. 1999); accord Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) (holding "counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance"). Thus, Ragland has not "made a substantial showing of the denial of a constitutional right" with respect to such a claim. 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

However, Ragland also asserts "the law supporting Mr. Ragland's conviction pursuant to 21 U.S.C. § 841(b)(1)(C) was overruled," and he "was convicted . . . on proof insufficient to establish but-for causation beyond a reasonable doubt and the jury did not so find" as required by now-controlling Supreme Court precedent. See Burrage, 571 U.S. at ___, 134 S. Ct. at 892; Alleyne v. United States, 570 U.S. ___, ___, 133 S. Ct. 2151, 2162-63 (2013). Broadly construed, Ragland's motion can be

read to assert a claim that <u>Burrage</u> should apply retroactively to cases on collateral review because the Supreme Court's decision "narrow[ed] the scope of a criminal statute by interpreting its terms." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351 (2004); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>United States v. Ryan</u>, 227 F.3d 1058, 1062 (8th Cir. 2000). Such "[n]ew *substantive* rules generally apply retroactively" "because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him."[5] <u>Schriro</u>, 542 U.S. at 351-52 (quoting <u>Bousley v. United States</u>, 523 U.S. 614, 620 (1998)).

<u>Burrage</u> itself is silent on whether its holding applies retroactively to cases on collateral review, <u>see</u> <u>Burrage</u>, 571 U.S. at ___, 134 S. Ct. at 892, and the parties have not addressed the issue. Under the circumstances, which include a deadlocked jury in Ragland's first trial, we believe it best to grant in part Ragland's motion to expand the certificate of appealability, vacate the denial of § 2255 relief, and remand to the district court to reconsider this issue in light of <u>Burrage</u>. We also leave for the district court to determine in the first instance whether Ragland's substantive challenge faces any "significant procedural hurdles to its consideration on the merits." <u>Bousley</u>, 523 U.S. at 621-22 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." (internal quotations omitted)); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Dejan v. United States</u>, 208 F.3d 682, 685 (8th Cir. 2000).

## III.   CONCLUSION

For the foregoing reasons, we affirm in part, vacate in part, and remand for further consideration in light of <u>Burrage</u>.

―――――――――――――――――――――

―――――――――――――――

[5]"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." <u>Schriro</u>, 542 U.S. at 353.