# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3449
_____

Richard E. Crayton

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 21, 2021
Filed: March 4, 2022
_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.
_____

GRASZ, Circuit Judge.

Richard E. Crayton filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2011 conviction for distributing heroin resulting in the death

of another person.  The district court[1] dismissed Crayton's petition for lack of subject matter jurisdiction and denied Crayton an evidentiary hearing.  We affirm.

## I.  Background

Crayton was charged in the United States District Court for the Western District of Wisconsin with distributing heroin resulting in the death of a person—N.H.—in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  At trial, the government presented evidence that Crayton distributed heroin to an individual.  The individual then visited his friend N.H., gave her heroin, and watched her ingest the heroin.  N.H. later died from what a medical examiner testified was a heroin overdose.  While Crayton conceded at trial that he distributed heroin to the individual, he disputed the theory that this heroin killed N.H.  Crayton sought to establish the individual also bought heroin from a separate source the day before seeing N.H., leaving the possibility that heroin from a different source killed N.H.  Crayton also emphasized an autopsy report showing N.H. had a cocktail of other drugs in her system including narcotics and sedatives.

The jury ultimately convicted Crayton of distributing heroin.  The jury, however, was unable to reach a unanimous decision on the special verdict question of whether N.H.'s death resulted from use of the heroin Crayton distributed.  Such a finding would impose a 20-year minimum "death results" enhancement to Crayton's term of imprisonment under § 841(b)(1)(C).[2]  Despite this, the government continued to argue at sentencing for the "death results" enhancement.  The district

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Elizabeth Cowan Wright, United States Magistrate Judge for the District of Minnesota.

[2]Under § 841(b)(1)(C), anyone who distributes a specified controlled substance may be sentenced up to 20 years of imprisonment.  But "if death or serious bodily injury results from the use of such substance" the defendant must be sentenced to a minimum of 20 years of imprisonment.  *Id.*

court agreed with the government and found "by a preponderance of the evidence that the heroin that Mr. Crayton distributed was the heroin that caused the death of [N.H.]." As a result, the court imposed the "death results" enhancement and sentenced Crayton accordingly.

Crayton unsuccessfully challenged his conviction—specifically the application of the "death results" enhancement—on direct appeal. *United States v. Crayton*, 455 F. App'x 688, 690–91 (7th Cir. 2011) (unpublished) (rejecting Crayton's challenge to his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Crayton's attempt to obtain post-conviction relief under 28 U.S.C. § 2255 was likewise unsuccessful. *United States v. Crayton*, 2013 WL 5350643, at *1 (W.D. Wis. Sept. 23, 2013), *aff'd*, 799 F.3d 623 (7th Cir. 2015) (unpublished) (rejecting Crayton's challenge to his sentence under *Alleyne v. United States*, 570 U.S. 99 (2013), because *Alleyne* does not apply retroactively).

Then, after the Supreme Court's ruling in *Burrage v. United States*, 571 U.S. 204 (2014), Crayton requested leave to file a successive § 2255 motion with the Seventh Circuit. In *Burrage*, the Court held § 841(b)(1)(C)'s "death results" enhancement is an element that must be submitted to the jury and found beyond a reasonable doubt because it increases a defendant's minimum and maximum sentence. 571 U.S. at 210. The Court also held the statutory language in § 841(b)(1)(C) requires a defendant's unlawful distribution of the drugs be the "but-for" cause of the person's death, rather than a mere contributing factor. *Id.* at 218–19. Crayton sought relief under *Burrage*'s "but-for" standard, but the Seventh Circuit denied Crayton's request because *Burrage* announced a rule of statutory interpretation rather than a constitutional rule. Thus, the panel held Crayton could only obtain relief through a petition for a writ of habeas corpus.

Accordingly, Crayton filed a petition for a writ of habeas corpus, which is now the subject of this appeal. Crayton filed his petition in the United States District Court for the District of Minnesota, where he was detained at the time, requesting the court to vacate his sentence because it was erroneously enhanced under *Burrage*.

-3-

Crayton argued that *Burrage* was an intervening change in the law supporting his claim of actual innocence and that it entitled him to habeas relief. Crayton alternatively requested an evidentiary hearing.

The district court ultimately denied Crayton's petition, concluding it lacked subject matter jurisdiction over the matter. The district court also denied Crayton's evidentiary hearing request.

## II. Analysis

Crayton appeals, arguing the district court erred in dismissing his § 2241 petition and denying his request for an evidentiary hearing. We review de novo a district court's decision dismissing a habeas petition filed under § 2241. *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021), *petition for cert. filed*, 90 U.S.L.W. 3177 (U.S. Dec. 7, 2021) (No. 21-857). We review the district court's denial of a habeas petitioner's request for an evidentiary hearing for abuse of discretion. *Sittner v. Bowersox*, 969 F.3d 846, 853 (8th Cir. 2020).

### A. Jurisdiction

Federal inmates typically must challenge a conviction or sentence through a § 2255 motion to vacate. *Jones*, 8 F.4th at 686. But § 2255(e) provides a saving clause that allows an inmate to file a habeas petition if he shows that "the remedy by motion [pursuant to this section] is inadequate or ineffective to test the legality of his detention." We have previously interpreted this provision to allow petitioners to seek relief under § 2241 if the petitioner shows he had no earlier opportunity to present his claims. *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019); *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004). If the petitioner fails to carry this burden, the petition must be dismissed for lack of subject matter jurisdiction. *Jones*, 8 F.4th at 686.

Thus, subject matter jurisdiction here hinges on one question: whether, at the time of Crayton's direct appeal and his first motion to vacate his sentence under § 2255, Crayton had any opportunity to argue before the Seventh Circuit that § 841(b)(1)(C)'s "death results" enhancement requires a showing of but-for causation. Crayton argues he lacked a procedural opportunity to challenge his "death results" enhancement because, at the time of his direct appeal and § 2255 motion, he lacked the benefit of *Burrage* and Seventh Circuit precedent pre-*Burrage* foreclosed any argument requiring but-for causation.

But even if we assume: (1) the sentencing court failed to find Crayton's heroin distribution was the but-for cause of N.H.'s death, (2) *Burrage* applies retroactively, and (3) pre-*Burrage* Seventh Circuit precedent did not require but-for causation, the district court here still lacked jurisdiction over Crayton's petition.[3] Our decision in *Jones* controls. There, we addressed the same issue—whether a change in caselaw, combined with § 2255(h)'s successive-motions bar, makes § 2255's remedy inadequate or ineffective. *See Jones*, 8 F.4th at 686. Focusing on the plain meaning of § 2255(e)'s "to test" and "remedy" language, we held that a change in caselaw does not make § 2255's remedy inadequate or ineffective. *Id.* at 686–89; *see* 28 U.S.C. § 2255(e) (providing an exception when "the *remedy* by motion is inadequate or ineffective *to test* the legality of his detention") (emphasis added). "[T]he saving clause is interested in opportunity, not outcome" and does not require the petitioner's argument to be successful for § 2255 to provide an adequate remedy. *Jones*, 8 F.4th at 687. After all, "[i]t is the infirmity of the § 2255 remedy itself, not the failure to

---

[3]These three assumptions are disputed. The parties disagree about whether the sentencing judge did in fact find Crayton's distribution of heroin was the but-for cause of N.H.'s death before imposing the "death results" enhancement. The parties also disagree as to whether pre-*Burrage* Seventh Circuit law required a but-for causation standard. Further, while the government does not dispute *Burrage*'s retroactive application, we have yet to decide this issue on its merits. *See Ragland v. United States*, 756 F.3d 597, 602 (8th Cir. 2014) (noting *Burrage* itself is silent as to whether its holding applies retroactively to cases on collateral review). For the purposes of this appeal, we need not decide these issues.

use it or [to] prevail under it, that is determinative." *Id.* at 688 (first alteration in original) (quoting *Lee*, 943 F.3d at 1147).

Although we ultimately reject Crayton's position here, his argument is not unreasonable. After all, one could reasonably question whether a snowball's chance to argue the "but for causation" issue is really an "opportunity" to present the claim. Nonetheless, the statutory scheme adopted by Congress and resulting caselaw dictates the result here.

Under *Jones*—which we do not question—even if Seventh Circuit law foreclosed Crayton's argument that the "death results" enhancement required but-for causation, this did not render § 2255 legally ineffective or inadequate. At bottom, Crayton argues his conviction and sentence under 21 U.S.C. § 841(b)(1)(C) is illegal because the statute itself requires but-for causation. Section 2255 authorizes a motion challenging a sentence "upon the ground that the sentence was imposed in violation of the . . . laws of the United States." 28 U.S.C. § 2255(a). While Seventh Circuit law during Crayton's first § 2255 motion may have been inadequate or ineffective, this does not mean that § 2255's remedy was itself inadequate or ineffective *to test* Crayton's but-for causation argument. *See Jones*, 8 F.4th at 688. Crayton could have argued for a change in the caselaw through en banc review or a petition for writ of certiorari. In other words, Crayton's impediment to relief was existing caselaw, not the remedy provided by § 2255. And because the saving clause enacted by Congress only provides relief when § 2255's remedy itself is inadequate or ineffective, the district court lacked jurisdiction over Crayton's § 2241 petition.

## B. Evidentiary Hearing

Crayton also argues the district court erred in denying his request for an evidentiary hearing to determine whether a *Burrage* violation occurred. Under 28 U.S.C. § 2243, "[a] court, justice or judge entertaining an application for a writ of habeas corpus" must schedule a hearing on the matter unless it is clear from the

application that a petitioner is not entitled to relief. Here, Crayton falls within this exception to § 2243's mandatory hearing.

As established above, the district court lacked jurisdiction over Crayton's § 2241 petition because he failed to establish that § 2255 was inadequate or ineffective. Crayton does not argue he has any other procedural mechanism to assert this claim. Without jurisdiction over the § 2241 petition, the district court could not "entertain" Crayton's petition and therefore did not abuse its discretion in denying Crayton an evidentiary hearing. *See* 28 U.S.C. § 2255(e) (stating an application for a writ of habeas corpus "shall not be entertained" if the sentencing court has denied relief unless "the remedy by motion is inadequate or ineffective to test the legality of his detention").

### III. Conclusion

For the reasons set forth above, we affirm the district court's dismissal of Crayton's petition for a writ of habeas corpus. We also affirm the district court's decision to deny Crayton an evidentiary hearing on his petition.

STRAS, Circuit Judge, concurring.

Jurisdictional language has gradually seeped into our opinions on the saving clause, *see, e.g.*, *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), but we have yet to explain why it *clearly* restricts the subject-matter jurisdiction of federal courts. *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015) (explaining that a "clear statement" is required). Fortunately, the issue is academic in this case because the government has consistently argued it does not save Crayton's filing. When an

appropriate case comes along, however, we ought to *actually* decide whether the saving clause contains the necessary clear statement.[4]

_____

[4]Although there is reason to doubt whether the saving clause is jurisdictional, there is little doubt that clear-statement rules are anti-textual. Among other things, they require courts to adopt the less natural interpretation of a statute, simply because there might be a little ambiguity. *See, e.g.*, Amy Coney Barrett, *Substantive Canons and Faithful Agency*, 90 B.U. L. Rev. 109, 123–24 (2010) ("Substantive canons are in significant tension with textualism . . . insofar as their application can require a judge to adopt something other than the most textually plausible meaning of a statute."). And if there is ambiguity about which requirement in a statute is jurisdictional, it could conceivably require a court to read out explicit jurisdictional language altogether. *See Myers v. Comm'r*, 928 F.3d 1025, 1036 (D.C. Cir. 2019) (holding that a provision using the word "jurisdiction" was not clear enough).